IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――

MICHAEL JOSEPH ROTONDO,

                Plaintiff,              Civil Action No.
                                         5:17-CV-1065 (GLS/DEP)

         v.

THE STATE OF NEW YORK,

                Defendant.

―――――――――――――――――――――

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

MICHAEL JOSEPH ROTONDO, *Pro se*
408 Weatheridge Dr.
Camillus, NY 13031

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Michael Joseph Rotondo against the State of New York pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that during the course of proceedings in New York State court, he was denied due process.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my review of those materials, I conclude that plaintiff qualifies for leave to proceed without prepayment of fees, and therefore will grant his IFP application. I further find, however, that plaintiff's claims in this action are precluded by the *Rooker-Feldman*[1] doctrine and the domestic relations exception to this court's jurisdiction.

I.    BACKGROUND

Plaintiff commenced this action on September 25, 2017. Dkt. No. 1. Named as the sole defendant in the action is the State of New York. *Id.* at 1. Plaintiff claims that throughout the course of proceedings in the New York State Supreme Court Appellate Division, Fourth Judicial Department, he was denied due process when (1) Associate Justice Edward D. Carni

---

[1]    *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

declined to issue an order to show cause applied for by plaintiff to stay a

support order entered in Onondaga County Family Court, and (2) the court

dismissed his appeal from lower court proceedings and denied a motion

by plaintiff for a transfer of venue. *Id.* at 3, 5. *See also* Dkt. No. 1 at 8-11.

In his three causes of action plaintiff claims that he was denied due

process, as guaranteed under the Fourteenth Amendment to the United

States Constitution, by Judges Edward D. Carni, John V. Centra, Patrick

H. NeMoyer, Shirley Troutman, Joanne M. Winslow, Henry J. Scudder,

Gerald J. Whalen, Nancy E. Smith, Erin M. Peradotto, Stephen K. Lindley,

and John M. Curran.[2] *Id.* at 5.

Plaintiff's complaint is accompanied by an application for leave to

proceed without prepayment of fees or costs. Dkt. No. 2. That application

sets forth the necessary financial information concerning plaintiff's income

and expenses to permit the court to determine whether he qualifies for IFP

status.

---

[2]      As was previously indicated, the sole named defendant in this case is the State
of New York. In the event that plaintiff intended to name the judges identified in his
causes of action as defendants, his claims against them would be precluded. "It is well
settled that judges are absolutely immune from suit for any actions taken within the
scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41
(W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v.
Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have
been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at
51. It should be noted, however, that "a judge is immune only for actions performed in
his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

II.     DISCUSSION

A.     IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[4]

---

[3]     The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]     Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.    Sufficiency of Plaintiff's Complaint

1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

6

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2.    Analysis

Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, two legal doctrines implicating this court's jurisdiction require dismissal of plaintiff's complaint – the domestic-relations exception and *Rooker-Feldman* doctrine. I will address each separately below.

a.    Domestic-Relations Exception

Because plaintiff's claims, brought under 42 U.S.C. § 1983, are couched in terms of constitutional deprivations, the court would ordinarily possess subject matter jurisdiction over them. 28 U.S.C. §§ 1331, 1343. There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"[5] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703).

The exception recognizes that "the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*, 504 U.S. at 703-04). "The doctrine also rests on the idea that state courts

---

[5]    "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations exception may apply with equal force in cases arising under the court's federal question jurisdiction." *Thomas*, 814 F. Supp. at 1146 (citations omitted).

are peculiarly suited to enforce state regulations and domestic relations decrees involving alimony and child custody particularly in light of the fact that such decrees often demand substantial continuing judicial oversight." *Id.*

In this case, it is manifestly clear that plaintiff's claims implicate the domestic-relations exception to federal court jurisdiction. Plaintiff challenges a state-court's determination denying him relief from a family court's child support order, and plaintiff's requests for relief include removal of the family court proceeding to federal court. Dkt. No. 1 at 3, 6. In order to adjudicate plaintiff's claims, this court would be forced to examine the family court and Appellate Division decisions, and the evidence upon which those decisions were rendered, in the domestic relations proceedings. Because the court lacks jurisdiction over plaintiff's claims, I recommend the complaint be dismissed. *See, e.g., Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *4-5 (E.D.N.Y. June 8, 2015) (relying on the domestic-relations exception to federal court jurisdiction when dismissing the plaintiff's claims that challenged the state courts' determinations concerning his child support obligations).

b.    *Rooker-Feldman*

Plaintiff's claims are also precluded by the *Rooker-Feldman* doctrine, which recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen*, 626 F.3d at 154 (citation omitted). The *Rooker-Feldman* doctrine relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

This preclusion "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, a role which Congress has reserved to [the Supreme Court]." *Verizon Md. Inc. v. Public Svc.*

*Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

"A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz v. N.Y.*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97 (quotation marks omitted).

The four elements required for the application of the *Rooker-Feldman* doctrine are clearly satisfied in this case. In his complaint, plaintiff effectively asks this court to assume appellate jurisdiction over matters pending in a New York State family court and the Appellate Division. Dkt. No. 1 at 3, 6. Because plaintiff's claims are precluded on this separate and independent basis, as well, I recommend their dismissal.

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

13

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I recommend against granting him leave to amend.

III.    SUMMARY AND RECOMMENDATION

Because plaintiff's IFP application demonstrates that he qualifies for leave to proceed without prepayment of fees or costs, that application is granted.

Turning to the merits of plaintiff's claims, I conclude that they are precluded by both the domestic relations exception to this court's jurisdiction and the *Rooker-Feldman* doctrine, and that plaintiff would be unable to overcome these deficiencies by better pleading. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed without prepayment of cost and fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED without leave to amend; and it is further

RECOMMENDED that plaintiff's letter requesting the court expedite review of this matter (Dkt. No. 4) be DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this report, recommendation, and order on plaintiff in accordance with the local rules of practice for this court.

Dated:     October 31, 2017
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[6]     If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).